J-S96005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TROY DEVON MARTIN, | |
| Appellee | No. 1855 WDA 2015 |

Appeal from the Order Entered November 3, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012366-2013

BEFORE:  BENDER, P.J.E., BOWES, J., and SOLANO, J.

DISSENTING MEMORANDUM BY BENDER, P.J.E.:    **FILED MARCH 31, 2017**

Contrary to the Majority memorandum in this matter, I would instead affirm on the basis of the trial court's June 20, 2016 Pa.R.A.P. 1925(a) opinion, by the learned Judge Randal B. Todd, as I believe that opinion ably and comprehensively disposes of the Commonwealth's issue on appeal, and does so based upon facts supported by the record and without legal error. Accordingly, I respectfully dissent.

The Majority characterizes the trial court's decision to grant suppression of the fruits of the search as mere second-guessing of the magistrate's decision to grant the search warrant.  **See** Majority Memorandum at 8 (noting that "reasonable minds frequently may differ on whether a particular affidavit establishes probably cause," but that a trial court "must uphold that finding even if a different magistrate" would have

reached a different conclusion) (quoting *United States v. Leon*, 468 U.S. 897, 914 (1984)). I disagree. I do not believe that any *reasonable* magistrate would have found that the affidavit of probable cause in this case supported the specific search warrant issued. The warrant in this case was issued primarily on the basis of: 1) the statements of the informant; and 2) the discovery of paraphernalia and a trivial amount of marijuana in the trash pulled from the searched residence. I would defer to the judgment of the trial court that the informant's reliability had not been sufficiently established in the context of this case, as no information was offered as to why and/or how the informant formed his allegation that Troy Devon Martin and Martin's codefendant were running a major heroin distribution ring from the searched residence, and the portions of the informant's statements which were corroborated only involved observations of legal, innocuous conduct. Moreover, the presence of less than a single plastic baggie (a baggie diaper plus one baggie corner), in addition to marijuana remnants in the residence's trash, did not remotely corroborate the claim that a large scale heroin distribution was ongoing, which was the impetus for the warrant actually issued.[1]

Accordingly, I respectfully dissent.

_____

[1] The warrant was not issued solely to permit the police to search for evidence of marijuana consumption, which, at best, was what the trash pull corroborated from the informant's statements.